UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
ex rel. VITO AMATO,

    Plaintiff,

v.                           CASE NO.   8:03-CV-2429-T-17EAJ

HARBORSIDE REHABILITATION
LIMITED PARTNERSHIP, etc.,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 21 Motion to Dismiss
Dkt. 22 Memorandum
Dkt. 25 Response
Dkt. 31 Reply

This case is a *qui tam* case which alleges fraud in Medicare billing. Count I alleges "Federal False Claims Act Violations" and Count II alleges a "conspiracy to Submit False Claims."

Defendants move to dismiss the Amended Complaint for failure to state fraud with particularity, as follows:

> 1. No identification of which of the three defendants submitted the allegedly false claims or what role each defendant played in submitting the claims, instead referring to defendants collectively in every substantive allegation;

Case No. 8:03-CV-2329-T-17EAJ

> 2. No identification of individuals who played a role in submitting the claims;
>
> 3. The allegations as to whether claims were submitted is conclusory, devoid of detail, and rest on "information and belief" rather than personal knowledge.
>
> 4. No specifics are provided about when or where any of the alleged false claims were submitted;
>
> 5. No specifics are provided as to the contents of the claims.

Plaintiff responds that the Amended Complaint contains sufficient particularity to place Defendants on notice of the allegations against them. Plaintiff argues that the relaxed standard of pleading applies because the documents supporting the allegations of the Amended Complaint are within the control of Defendants. Plaintiff contends that he has alleged the role of all three corporate defendants, and further that the Amended Complaint contains sufficient details of the fraudulent actions on the part of Defendants, including citation to a specific instance in which a patient's medical records were improperly altered.

Defendants respond that Plaintiff has not alleged or demonstrated that the documents supporting the allegations of the Amended Compliant are within the control of Defendants. Defendant argues that the pursuant to <u>United States ex rel. Clausen v. Lab. Corp. Of Am.</u>, 290 F.3d 1301 (11th Cir. 2002), the Court should dismiss the Complaint because it contains only conclusory allegations as to the submission and contents of allegedly false claims. Defendant argues that Plaintiff does not

Case No. 8:03-CV-2329-T-17EAJ

allege that he was involved in billing or coding on behalf of Defendants, as found in <u>Hill v. Morehouse Medical Associates, Inc.</u>, 2003 WL 22019936 (11th Cir. 2003). Defendant contends that the Complaint does not adequately allege fraud with particularity.

The Court is required to consider the indicia of reliability of any alleged fraudulent scheme. Plaintiff was not an employee in the billing department of Defendant, although he was an employee of Defendant. The Court notes that allegations of improper practices alone are insufficient to state a claim under the False Claims Act absent allegations that a specific fraudulent claim was in fact submitted to the Government. See <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008 (11th Cir. 2005). Plaintiff pleads many of the allegations of the Amended Complaint "on information and belief." Plaintiff is required to plead the submission of a fraudulent claim with particularity, and not inferred from the circumstances. Plaintiff must provide the "who" "what" "where" "when" and "how" of the alleged fraudulent submission.

The Court further notes that allegations as to conspiracy to defraud must include specific allegations of some agreement or overt act. Accordingly it is

Case No. 8:03-CV-2329-T-17EAJ

**ORDERED** that Defendants' Motion to Dismiss is granted, with leave to file an amended complaint within eleven days.



**DONE and ORDERED** in Chambers, in Tampa, Florida on this 10th day of February, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record